UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENTINO NANTES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES DAVIS, Chairman, California Board of Parole Hearings, Does 1 to 10,<br><br>　　　　Defendants.<br>_____/ | No. C 08-01710 MHP<br><br>**ORDER**<br><br>**Re: Transfer to Eastern District of California** |

　　　　Plaintiff Florentino Nantes is an inmate at Solano State Prison in Solano County, California serving a life sentence with the possibility of parole for second degree homicide. In May 2007, plaintiff appeared before the California Board of Parole Hearings for the fourth time. At that hearing, the Board denied plaintiff parole for two years, explaining that although plaintiff's institutional behavior and programming had been "incredible," plaintiff had developed "absolutely no insight" into his commitment offense. Complaint, Exh. A, 103:24–104:1, 104:12–13, 109:15–18.

　　　　Citing to 42 U.S.C. section 1983 and Wilkinson v. Dotson, 544 U.S. 74 (2005), plaintiff seeks an order from the court directing defendant to schedule a new parole suitability hearing. Plaintiff alleges that the "Board denied Plaintiff a fair and unbiased hearing in that the Board ignored all the evidence that Plaintiff was a suitable candidate for parole and interjected their individual and personal bias against Plaintiff in denying him parole." He also alleges that defendants' conduct at the parole hearing caused him extreme emotional distress and physical discomfort and seeks compensatory and exemplary damages.

　　　　Pursuant to 28 U.S.C. section 1404(a), a district court may transfer a civil action "for the convenience of the parties and witnesses [and] in the interest of justice . . . to any other district or

division where it might have been brought." The language of section 1404(a) is broad enough that a district court can order transfer *sua sponte*. Wright, Miller & Cooper, Federal Practice and Procedure, Jurisdiction 3d § 3844; see also United Sav. Bank v. Rose, 752 F. Supp. 506, 508 (D.D.C. 1990). District courts use a two step analysis to determine whether a transfer is proper. The threshold question under section 1404(a) requires the court to determine whether the case could have been brought in the forum to which the transfer is sought. 28 U.S.C. § 1404(a); Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985). If venue would be appropriate in the transferee court, then the court must make an "individualized, case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir.2000).

This action could have been brought in the Eastern District of California. That district (1) had proper subject matter jurisdiction pursuant to 28 U.S.C. section 1331 for cases involving a federal question, (2) had personal jurisdiction over defendant, and (3) was a proper venue under 28 U.S.C. section 1391 because a substantial part of the events giving rise to the claim occurred in the Eastern District. Moreover, upon individualized consideration of factors related to convenience and fairness, this court finds that although plaintiff's choice of forum was the Northern District, he is currently incarcerated in the Eastern District and the parole hearing which gives rise to his claim was conducted in the Eastern District. This action appears to lack any contact with the Northern District, other than the location of plaintiff's attorney.

The court orders that the action be transferred, *sua sponte*, to the Eastern District of California, unless one or more of the parties shows cause in writing within 14 days of the date of this order why the court should not so act.

IT IS SO ORDERED.

Dated: 5/6/2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

2